UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff*<br><br>v.<br><br>KKR & CO. INC.,<br>KKR & CO. GP LLC,<br>KOHLBERG KRAVIS ROBERTS & CO. L.P.,<br>KKR AMERICAS FUND XII L.P.,<br>KKR AMERICAS FUND XXII (KESTREL) L.P.,<br>KKR AMERICAS FUND XII (THRIVE) L.P.,<br>KKR APPLE AGGREGATOR L.P.,<br>KKR CHORD IP AGGREGATOR L.P.,<br>KKR CORE II HOLDING COMPANY LLC,<br>KKR DCIF LOWER ENTITY III SCSP,<br>KKR GLOBAL IMPACT FUND SCSP,<br>KKR GLOBAL INFRASTRUCTURE INVESTORS IV USD (APPLE) L.P.,<br>KKR NORTH AMERICA FUND CIII SCSP,<br>and<br>KKR OBSIDIAN AGGREGATOR LP,<br><br>      *Defendants*. | Case No. 1:25-cv-343<br><br>[rel. 1:25-cv-448]<br><br>      Application DENIED. "[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court." *Women for America First v. De Blasio*, No. 20 Civ. 5746 (LGS), 2020 WL 4904057, at *2 (S.D.N.Y. Aug. 18, 2020) (quoting *Lehman XS Tr., Series 2006-P2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC), 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (internal quotation marks and citation omitted)). "An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case . . . or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus* brief should be denied." *Id*. (quoting *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 466 (E.D.N.Y. 2019)). The proposed *amicus* has failed to satisfy this standard. Defendants are represented by highly competent counsel. *See id*. And because Defendants were granted additional time to respond to the complaint, ECF No. 23, and leave to enlarge their opening and reply briefs, ECF No. 26, they have had adequate time and space to support their position. In any event, where, as here, the district court is "presented with a 12(b)(6) motion, [it] may not consider matters outside of the pleadings" unless "the document [is] integral to the complaint." *Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) (internal quotation omitted). To the extent that this case reaches the summary judgment stage or trial, counsel may reapply for leave to file an *amicus* brief (at or around the same time that Defendants bring their motion).<br><br>      The Clerk of Court is directed to terminate ECF No. 85.<br><br>SO ORDERED.<br><br>*/s/ Jennifer H. Rearden*<br>Jennifer H. Rearden, U.S.D.J.<br>Dated: June 13, 2025 |

**MOTION OF THE AMERICAN INVESTMENT COUNCIL FOR LEAVE TO FILE**
*AMICUS* **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/13/2025
```

PLEASE TAKE NOTICE that the American Investment Council respectfully moves for leave to file the accompanying *amicus* brief, attached hereto as Exhibit A, in support of Defendants' motion to dismiss. Defendants consent to this motion. The government opposes the motion.[1]

The American Investment Council ("AIC") is an advocacy and research organization dedicated to the promotion of responsible long-term investment by the private equity and credit investors who comprise its membership. Acting on this mission, AIC improves access to capital, creates jobs, expands retirement security, generates innovation, and spurs economic growth throughout the United States.

AIC's mission is an important one. In communities across America, private equity and credit investors support millions of jobs, help thousands of small businesses, and deliver the strongest returns of any investment vehicle for public pensions. AIC's members are united by their commitment to growing and strengthening the businesses in which they invest, most of which are small. In 2024, 85% of all private equity investments went to support small businesses with fewer than 500 employees. These investments help local companies hire new employees, improve their operations, and grow.

AIC has a significant interest in this case because mergers and acquisitions are a regular feature of the private equity business model. Although many of their transactions involve small businesses and very few raise competitive concerns, AIC's members regularly enter into mergers, acquisitions, or other transactions that meet or exceed the size thresholds for filing a premerger notification form under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "HSR Act"). AIC's members therefore regularly submit notification filings under the HSR Act.

---

[1] No counsel for any party authored the attached brief in whole or in part and no entity, aside from *amicus curiae*, its members, or its counsel, made any monetary contribution intended to fund the preparation or submission of this brief.

In the Complaint, and more clearly in the Opposition to the Motion to Dismiss, the Antitrust Division of the Department of Justice ("DOJ" or "Antitrust Division") advances a novel interpretation of the HSR Act that would expose parties who substantially complied with the statute's notification requirement to the threat of significant penalties. The Antitrust Division's interpretation departs from long-established practice in place for more than 45 years and, if endorsed by this Court, would dramatically expand the time and expense of preparing HSR filings for thousands of reportable transactions each year. AIC thus presents this brief to provide the Court with information on the impact that the HSR Act's premerger notification requirement has on private equity firms and the harmful consequences of allowing the Antitrust Division's strict liability theory to proceed.

AIC believes its brief will assist the Court in deciding this issue. AIC's members submit hundreds of HSR notifications annually, and AIC has participated in both regulatory and litigation proceedings involving the HSR Act. On June 27, 2023, the FTC issued a Notice of Proposed Rulemaking to amend the premerger notification form. *See Proposed Rulemaking, Premerger Notification; Reporting and Waiting Period Requirements*, 88 Fed. Reg. 42,178 (published June 29, 2023). AIC filed a comment letter opposing the FTC's revision. *See* AIC Comment (Sept. 27, 2023), https://regulations.gov/comment/FTC-2023-0040-0705. After the FTC's proposed rule became final, AIC joined with a number of parties in challenging the new regulation under the Administrative Procedure Act. *See Chamber of Comm. v. FTC*, No. 6:25-cv-00009, ECF 1 (E.D. Tex. Jan. 10, 2025).

In its proposed *amicus* brief here, AIC urges the Court to reject the government's novel interpretation and explains the harm that would flow from its adoption. The brief provides an overview of the private equity industry and its importance to the United States economy. It details

2

how the government's view will raise compliance costs and chill procompetitive investment activity that AIC's members engage in every day. And it explains why reducing this investment activity will hurt consumers, small businesses, and hardworking Americans.

## **ARGUMENT**

"A district court has broad discretion in deciding whether to accept an *amicus* brief." *City of New York v. United States*, 971 F. Supp. 789, 791 n.3 (S.D.N.Y. 1997). Courts in this district routinely accept *amicus* briefs that provide unique viewpoints or helpful insights. *See, e.g.*, *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021); *New York v. Citibank, N.A.*, 763 F. Supp. 3d 496, 506 (S.D.N.Y. 2025) ("The Court's review of the motion to dismiss and accompanying briefing was aided by amicus submissions[.]"). *Amicus* briefs "help[] ensure that there has been a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *C & A Carbone, Inc. v. Cnty. of Rockland, NY*, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014). For this reason, an "*amicus* brief should normally be allowed when . . . the *amicus* has unique information or perspective that can help the court." *Auto. Club of N.Y. v. Port Auth. of N.Y. and N.J.*, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (citation omitted).

That is the case here. AIC is a respected advocacy and research organization dedicated to the promotion of responsible long-term investment by the private equity and credit investors who comprise its membership. In communities throughout the country, its members play a critical role in supporting small businesses, creating well-paying jobs, and strengthening the retirements of millions of public servants. Because AIC's members regularly file premerger forms under the HSR Act, AIC has a significant interest in this case. Given its expertise and the national scope of its membership, AIC's *amicus* brief will assist the Court in deciding this case by explaining the

impact of the HSR Act's premerger notification requirements on private equity firms and the harmful consequences that the government's strict liability theory would impose on the market.

In opposing this motion, the government argued that it is untimely and relied on *Peterson Energia Inversora, S.A.U. v. Argentine Republic*, 2022 WL 3536117, at *1 (S.D.N.Y. Aug. 18, 2022). But that reliance is misplaced. In *Peterson*, the Court denied a motion for leave to file an *amicus* brief that "came more than six weeks after the parties had completed briefing on the cross-motions." *Id.* Even still, that delay did "not necessarily warrant denial" of the motion. *Id.* Rather, the Court denied the motion because the *amicus* brief "injected new material into the litigation" and offered "little aid to the Court in resolving the cross-motions." *Id.* at *2.

None of those concerns applies here. AIC's brief does not seek to inject new material into the litigation. Instead, it focuses on the issue before the Court, while providing its own unique expertise and experience. In addition, AIC's brief is reasonably timely because it was the Department of Justice's opposition to the motion to dismiss—and the interpretation of the HSR Act advanced therein—that provided AIC with notice of the position that the Department was taking in this case, and the potential ramifications thereof.

AIC respectfully submits that this brief may assist the Court in resolving the Defendants' motion to dismiss. In similar cases, courts within this District have granted industry associations leave to file an *amicus* brief submitted shortly after the parties' had completed the briefing. *See, e.g., FuboTV Inc. v. The Walt Disney Co.*, Case No. 1:24-cv-01363, Doc. 267 (S.D.N.Y. August 5, 2024) (granting motion for leave to file an *amicus* brief and rejecting argument that motion was untimely). Here, AIC's proposed *amicus* brief responds to novel legal arguments that the government made in its opposition brief in this case.

## CONCLUSION

AIC therefore respectfully requests that the Court grant its Motion for Leave to File the attached *Amicus Curiae* Brief.

Dated: June 6, 2025                                                                     Respectfully submitted,

|  |  |
|---|---|
| MICHAEL H. MCGINLEY<br>*pro hac vice application forthcoming*<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>(215) 994-2463<br>michael.mcginley@dechert.com | */s/ Steven A. Engel*<br>STEVEN A. ENGEL (N.Y. Bar. No. 4097697)<br>  *Counsel of Record*<br>DECHERT LLP<br>1900 K Street, NW<br>Washington, DC 20006<br>(202) 261-3369<br>steven.engel@dechert.com |