UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*<br><br>v.<br><br>KKR & CO. INC.,<br>KKR & CO. GP LLC,<br>KOHLBERG KRAVIS ROBERTS & CO. L.P.,<br>KKR AMERICAS FUND XII L.P.,<br>KKR AMERICAS FUND XII (KESTREL) L.P.,<br>KKR AMERICAS FUND XII (THRIVE) L.P.,<br>KKR APPLE AGGREGATOR L.P.,<br>KKR CHORD IP AGGREGATOR L.P.,<br>KKR CORE HOLDING COMPANY LLC,<br>KKR CORE II HOLDING COMPANY LLC,<br>KKR DCIF LOWER ENTITY III SCSP,<br>KKR GLOBAL IMPACT FUND SCSP,<br>KKR GLOBAL INFRASTRUCTURE INVESTORS IV USD (APPLE) L.P.,<br>KKR NORTH AMERICA FUND XIII SCSP, and<br>KKR OBSIDIAN AGGREGATOR LP,<br><br>*Defendants*. | Case No.: 1:25-cv-343<br>[rel. 1:25-cv-448]<br><br>HON. LAURA TAYLOR SWAIN |

**PARTIES' JOINT STATUS UPDATE**

1

Pursuant to this Court's order entered on November 17, 2025, the Parties submit the following Joint Status Update regarding *United States v. KKR & Co. Inc.*, No. 1:25-cv-00343 (S.D.N.Y. Jan. 14, 2025).

## I.     Statement of the Case

On January 14, 2025, the United States filed this civil action alleging that Defendant KKR & Co. Inc., and its co-defendant investment advisors and funds (collectively, "KKR") violated the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act"). The HSR Act requires parties to transactions over a certain threshold to submit a premerger filing to the Department of Justice's Antitrust Division and the Federal Trade Commission ("FTC"). The Complaint contains 16 counts, each of which is related to a transaction where the United States alleges KKR failed to comply with applicable HSR Act premerger notification requirements. The Complaint alleges that KKR omitted documents and submitted altered documents as part of certain HSR filings, and failed to make any filing before consummating two qualifying transactions. *See generally* Complaint, ECF No. 1 ("Compl."). KKR disputes the allegations.

On April 17, 2025, KKR moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. ECF No. 31. The United States filed a Brief in Opposition on May 15, 2025. ECF No. 81. KKR filed a reply on June 2, 2025. ECF No. 83. As of the filing of this Joint Status Update, KKR's Motion to Dismiss is still pending, and the Parties have requested oral argument.

## II.     The Parties' Statements of Jurisdiction

The United States asserts that the Court has subject-matter jurisdiction over this action under Section 7A(g) of the Clayton Act, 15 U.S.C § 18a(g), and pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355. Compl. ¶ 60. The United States also asserts that the Court has personal jurisdiction over each Defendant because they transact business within this district through,

among other things, their presence at 30 Hudson Yards, New York, New York 10001, which is the address of record listed for the filing entity in each HSR filing made by the Defendants. Compl. ¶ 62. KKR does not dispute the Court's jurisdiction.

### III.     Status of Settlement Discussions

The Parties are not currently engaged in settlement discussions.

### IV.     Prospects of Mediation

The Parties do not request mediation at this time.

### V.      Issues Before the Court

KKR's Motion to Dismiss is currently pending before the Court. As discussed in Section I, KKR filed its Motion to Dismiss on April 17, 2025. ECF No. 31. The United States filed a Brief in Opposition, ECF No. 81, and KKR filed a Reply Brief. ECF No. 83.

The United States respectfully requests the Court schedule a Rule 16 conference to discuss discovery. *See* Section VII.

### VI.     Disputed Facts of the Case

The precise scope of disputed facts is not yet known.

### VII.    Status of Discovery

Discovery has not yet been exchanged in this action. However, KKR has produced over one hundred thousand documents totaling approximately one million pages as part of the government's inquiries into the relevant transactions and during the United States' pre-complaint investigations. The Parties met and conferred on April 29, 2025, during which the United States raised the prospect of beginning discovery, pursuant to Federal Rule of Civil Procedure 26(f). On May 7, 2025, the United States proposed that the Parties engage in discovery while KKR's Motion to Dismiss was pending before the Court. KKR responded that engaging in discovery while the Motion to Dismiss was pending was premature, and inconsistent with Judge Rearden's

3

rules and standard practice. The United States believes discovery in this action should proceed. KKR maintains its position that discovery in this action should not proceed until after a ruling on the Motion to Dismiss, particularly in light of the substantial number of documents already provided by KKR to the United States.

### VIII. Further Information to Assist the Court

*KKR & Co. GP LLC v. Slater et al.*, 25-cv-448 [rel. 25-cv-343] (the "Declaratory Judgment Action") is a pending related case that was also reassigned to the Court on November 4. KKR's Complaint (ECF No. 1) requests various forms of relief including declaratory judgments that KKR did not violate the HSR Act (Count I), that the DOJ's and FTC's interpretations of the HSR Act are unconstitutionally vague (Count II), and that the DOJ seeks an excessive fine in violation of the U.S. Constitution (Count III). The government defendants moved to dismiss KKR's Complaint on April 23, 2025 (ECF No. 25). Pursuant to the Parties' stipulation, the Court dismissed Count I of KKR's declaratory judgment complaint (ECF No. 32) and stayed Counts II and III pending the Court's decision on KKR's Motion to Dismiss this case (ECF No. 31). In the event KKR's Motion to Dismiss is denied, KKR will dismiss its Declaratory Judgment Action and assert the remaining counts as counterclaims in this action.

DATED:  December 17, 2025

/s/   David M. Teslicko
David M. Teslicko
Meagan Glynn
Keane Nowlan
United States Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 307-0128
Email: David.Teslicko@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/   William A. Burck
William A. Burck
Michael D. Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, N.W., Suite 900
Washington, DC 20005
Tel: 202.538.8000
williamburck@quinnemanuel.com
mikebonanno@quinnemanuel.com

Andrew J. Rossman
Stephen E. Frank (*pro hac vice*)
Mario O. Gazzola
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
Tel: 212.849.7000
andrewrossman@quinnemanuel.com
stephenfrank@quinnemanuel.com
mariogazzola@quinnemanuel.com

John Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
300 West 6th St., Suite 2010
Austin, TX 78701
Tel: 737.667.6100
johnbash@quinnemanuel.com

> D. Bruce Hoffman (*pro hac vice*)
> Ryan Shores (*pro hac vice*)
> C. Lawrence Malm
> **CLEARY GOTTLIEB STEEN &**
>   **HAMILTON LLP**
> 2112 Pennsylvania Avenue, NW
> Washington, D.C. 20037
> Tel: 202.974.1500
> bhoffman@cgsh.com
> rshores@cgsh.com
> lmalm@cgsh.com
>
> Lina Bensman
> **CLEARY GOTTLIEB STEEN &**
>   **HAMILTON LLP**
> One Liberty Plaza
> New York, New York 10006
> Tel: 212.225.2000
> lbensman@cgsh.com
>
> Charles F. Rule (*pro hac vice*)
> Deborah Garza (*pro hac vice*)
> Daniel J. Howley
> **RULE GARZA HOWLEY LLP**
> 901 Seventh Street, NW
> Suite 600
> Washington, D.C. 20001
> Tel: 202.843.9280
> rule@rulegarza.com
> garza@rulegarza.com
> howley@rulegarza.com
>
> *Counsel for Defendants*