**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>-v.-<br>KKR & CO. INC., et al.,<br>Defendants. | 1:25-cv-343-LTS<br>[rel. 1:25-cv-448-LTS] |

**STIPULATION AND ORDER**

It is hereby stipulated by and between the undersigned parties, subject to approval and entry of this Order by the Court, as follows.

## I. DEFINITIONS

As used in this Stipulation and Order ("Stipulation and Order"):

A. "KKR" means Defendant KKR & Co. GP LLC, a Delaware limited liability company with its principal place of business at 30 Hudson Yards, New York, New York 10001, its direct and indirect parents, subsidiaries, divisions, groups, partnerships, and joint ventures, and its and their respective directors, officers, managers, agents, partners, advisors, and employees, and any investment fund, account or vehicle that is managed, advised, or sponsored by any direct or indirect corporate affiliate of KKR & Co. GP LLC.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of this action and over the parties to it. Venue for this action is proper in the United States District Court for the Southern District of New York.

## III. COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A. The proposed Final Judgment filed with this Stipulation and Order, or any amended provisions of the proposed Final Judgment agreed upon in writing by the United States and KKR, may be filed with and entered by the Court as the Final Judgment, upon the motion of the United States or upon the Court's own motion, after compliance with the requirements of the Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to any party or any other proceeding, as long as the United States has not withdrawn its consent. The United States may withdraw its consent at any time before the entry of the Final Judgment by serving notice on KKR and by filing that notice with the Court.

B. From the date of the signing of this Stipulation and Order by KKR until the Final Judgment is entered by the Court, or until expiration of time for all appeals of any ruling declining entry of the proposed Final Judgment, KKR & Co. GP LLC will comply with all of the terms and provisions of the proposed Final Judgment.

C. From the date on which the Court enters this Stipulation and Order, the United States will have the full rights and enforcement powers set forth in the proposed Final Judgment as if the proposed Final Judgment were in full force and effect as a final order of the Court, and Section IX of the proposed Final Judgment will also apply to violations of this Stipulation and Order.

D. KKR agrees to arrange, at its expense, publication of the newspaper notice required by the APPA, which will be drafted by the United States in its sole discretion. The publication must be arranged as quickly as possible and, in any event, no later than three business days after KKR's receipt of (1) the text of the notice from the United States and (2) the

identity of the newspaper or newspapers within which the publication must be made. KKR must promptly send to the United States (a) confirmation that publication of the newspaper notice has been arranged and (b) the certification of the publication prepared by the newspaper or newspapers within which the notice was published.

E. Any person who wishes to submit to the United States written comments regarding the proposed Final Judgment should do so within 60 calendar days beginning with the first day of the publication of the newspaper notice required by APPA or the publication of the proposed Final Judgment and the Competitive Impact Statement in the *Federal Register* as required by APPA, whichever is later.

F. This Stipulation and Order applies with equal force and effect to any amended provisions of the proposed Final Judgment agreed upon in writing by the United States and KKR and filed with the Court.

G. KKR represents that the actions it is required to perform pursuant to the provisions of the proposed Final Judgment can and will be made and performed, and that KKR will not later raise a claim of hardship or difficulty as grounds for asking the Court to modify any such provision of the proposed Final Judgment or this Stipulation and Order.

H. This Stipulation and Order, including the proposed Final Judgment filed with this Stipulation and Order or any amended provisions of the proposed Final Judgment agreed upon in writing by the United States and KKR, constitutes the final, complete, and exclusive agreement and understanding between the United States and KKR with respect to the settlement of the claims with respect to KKR expressly stated in the Complaint filed in this above-captioned case

and as stated in the Release contained in Section IV herein, and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.

**IV. RELEASE**

The entry of the Final Judgment in accordance with the Stipulation and Order settles, discharges, and releases the claims stated in the Complaint against KKR, which include any and all of the claims of the United States against KKR, its portfolio companies, and its and their respective current and former affiliates, directors, officers, managers, agents, partners, advisors and employees for failure to comply with Section 7A of the Clayton Act, 15 U.S.C. § 18a, in connection with submissions pursuant to the HSR Act made, or required to have been made, by any of them prior to the date of the filing of the Complaint. *See* Section XI of the Final Judgment. This Stipulation and Order and the Final Judgment do not affect other charges or claims the United States may file.

**V. DURATION OF OBLIGATIONS**

In the event that (1) the United States has withdrawn its consent, as provided in Paragraph III.A of this Stipulation and Order; (2) the United States voluntarily dismisses the Complaint in this matter; or (3) the Court declines to enter the proposed Final Judgment, the time has expired for all appeals of any ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, KKR is released from all further obligations under this Stipulation and Order, and the making of this Stipulation and Order will be without prejudice to any party in this or any other proceeding.

Dated: August 26, 2026

Respectfully submitted,

**FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

/s/ David M. Teslicko
David M. Teslicko
Meagan M. Glynn
**United States Department of Justice**
**Antitrust Division**
450 Fifth Street NW, Suite 4000
Washington, DC 20530
Tel: 202-710-0114
david.teslicko@usdoj.gov

*Counsel for Plaintiff*

**FOR DEFENDANTS**

/s/ William A. Burck
William A. Burck
Michael D. Bonanno (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
555 13th St. NW, Suite 600
Washington, DC 20005
Tel: 202.538.8000
williamburck@quinnemanuel.com
mikebonanno@quinnemanuel.com

Andrew J. Rossman
Stephen E. Frank (*pro hac vice*)
Mario O. Gazzola
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
295 Fifth Avenue
New York, NY 10016
Tel: 212.849.7000
andrewrossman@quinnemanuel.com
stephenfrank@quinnemanuel.com
mariogazzola@quinnemanuel.com

John Bash (*pro hac vice*)
**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
300 West 6th St., Suite 2010
Austin, TX 78701
Tel: 737.667.6100
johnbash@quinnemanuel.com

D. Bruce Hoffman (*pro hac vice*)
Ryan Shores (*pro hac vice*)
C. Lawrence Malm
**CLEARY GOTTLIEB STEEN**
**& HAMILTON LLP**
2112 Pennsylvania Avenue, NW

Washington, D.C. 20037
Tel: 202.974.1500
bhoffman@cgsh.com
rshores@cgsh.com
lmalm@cgsh.com

Lina Bensman
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Tel: 212.225.2000
lbensman@cgsh.com

Charles F. Rule (*pro hac vice*)
Deborah Garza (*pro hac vice*)
Daniel J. Howley
**RULE GARZA HOWLEY LLP**
901 Seventh Street, NW
Suite 600
Washington, D.C. 20001
Tel: 202.843.9280
rule@rulegarza.com
garza@rulegarza.com
howley@rulegarza.com

*Counsel for Defendants*

**ORDER**

IT IS SO ORDERED by the Court, this ______ day of ____________________, _________.

_________________________________
United States District Judge