**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>KKR & CO. INC., et al.,<br>*Defendants*. | Case No. 1:25-cv-343-LTS<br>[rel. 1:25-cv-448-LTS] |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM**
**IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on August 26, 2026 (Dkt. No. 103-2) (attached as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") filed in this matter on August 27, 2026 (Dkt. No. 104) explains why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

## I. BACKGROUND

On January 14, 2025, the United States filed a civil antitrust Complaint against KKR & Co. Inc., KKR & Co. GP LLC, Kohlberg Kravis Roberts & Co. L.P., and 12 affiliated funds

(collectively "KKR") for violating the premerger notification and waiting period requirements of the Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a ("HSR Act"). The Complaint alleges that KKR violated the HSR Act in connection with its premerger notification filings for, at minimum, 16 separate transactions since at least 2021. These violations encompass a range of misconduct: KKR omitted required documents from its HSR filings, KKR altered documents in its HSR filings prior to submission, and KKR failed to make timely HSR filings for qualifying transactions. In addition, KKR's internal process for preparing and reviewing HSR filings was deficient and lacked adequate supervision, training, and control procedures reasonably necessary to ensure HSR Act compliance by its employees.

The United States filed a proposed Final Judgment and a Stipulation and Order on August 26, 2026, and a CIS describing the events giving rise to the alleged violation and the proposed Final Judgment on August 27, 2026. The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on August 28, 2026 (Dkt. No. 105), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires Defendants to pay a civil penalty of $250,000,000 to the United States. Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II. COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on August 26, 2026 and August 27, 2026, respectively;

published the proposed Final Judgment and CIS in the *Federal Register* on September 4, 2026 (*see* 91 Fed. Reg. 56901 (2026)); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published in *The Washington Post* for seven days during the period September 10 to September 16, 2026 and the *New York Post* for seven days during the period September 7 to September 13, 2026. The United States did not receive any comments.

## III. STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

> (A) the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B) the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

## IV. ENTRY OF THE PROPOSED FINAL JUDGMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that KKR failed to make complete and accurate premerger filings at least 16 separate times in violation of the HSR Act. As explained in the CIS, the proposed Final Judgment imposes a civil penalty of $250,000,000 to address the violations alleged in the Complaint, penalize KKR, and deter KKR and others from violating the HSR Act. The public has had the opportunity to comment on the proposed Final Judgment, and no comments were submitted. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

## V. CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: November 16, 2026

Respectfully submitted,

/s/ David M. Teslicko
DAVID M. TESLICKO
MEAGAN GLYNN
ARSHIA NAJAFI
U.S. Department of Justice
Antitrust Division
450 5th St. NW, Suite 4000
Washington, DC 20530
Telephone: 202-710-0114
Email: David.Teslicko@usdoj.gov

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA