# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>-v.-<br>KKR & CO. INC., et al.,<br>Defendants. | 1:25-cv-343-LTS<br>[rel. 1:25-cv-448-LTS] |

## FINAL JUDGMENT

WHEREAS, Plaintiff, United States of America, filed its Complaint on January 14, 2025, alleging violations of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "HSR Act");

AND WHEREAS, the United States and KKR (as defined below) have consented to entry of this Final Judgment without the taking of testimony, without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against or admission by any party relating to any issue of fact or law;

AND WHEREAS, KKR agrees to pay a civil penalty, as set forth herein, to resolve the claims alleged in the Complaint;

AND WHEREAS, KKR represents that the relief required of it by the provisions of this Final Judgment can and will be made and that KKR will not later raise a claim of hardship or difficulty as grounds for asking the Court to modify any provision of this Final Judgment;

NOW THEREFORE, it is ORDERED, ADJUDGED, AND DECREED:

## I. JURISDICTION

The Court has jurisdiction over the subject matter of and each of the parties to this action. The Complaint states a claim upon which relief may be granted against KKR under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

## II. DEFINITIONS

As used in this Final Judgment:

A. "KKR" means Defendant KKR & Co. GP LLC, a Delaware limited liability company with its principal place of business at 30 Hudson Yards, New York, New York 10001, its direct and indirect parents, subsidiaries, divisions, groups, partnerships, and joint ventures, and its and their respective directors, officers, managers, agents, partners, advisors, and employees, and any investment fund, account or vehicle that is managed, advised, or sponsored by any direct or indirect corporate affiliate of KKR & Co. GP LLC.

B. "Including" means including, but not limited to.

C. "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, sole proprietorship, agency, board, authority, commission, office, institution, university, municipality, governmental entity, or other business or legal entity, whether private or governmental.

## III. APPLICABILITY AND SECURITIES LAWS

A. The provisions of this Final Judgment shall apply to KKR and all other persons in active concert or participation with KKR who receive actual notice of this Final Judgment.

B. Pursuant to Rule 506(d)(2)(iii), 17 C.F.R. § 230.506(d)(2)(iii), as promulgated under the Securities Act of 1933, 15 U.S.C. § 77a, et seq., disqualification under paragraph

(d)(1)(ii) of Rule 506, 17 C.F.R. § 230.506(d)(1)(ii), will not arise as a consequence of the entry of this Final Judgment or of the entry of any other order or judgment in this action.

C. Pursuant to Rule 262(b)(3), 17 C.F.R. § 230.262(b)(3), as promulgated under the Securities Act of 1933, 15 U.S.C. § 77a, et seq., disqualification under paragraph (a)(2) of Rule 262, 17 C.F.R. § 230.262(a)(2), will not arise as a consequence of the entry of this Final Judgment or of the entry of any other order or judgment in this action.

D. Nothing in this Final Judgment or any other order or judgment in this action is intended to permanently or temporarily enjoin KKR or its affiliates or otherwise contain an injunction that would trigger disqualification under Section 9(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a-9a, et seq., or give rise to potential subsequent legal proceedings to censure, place limits on, suspend or revoke the registration of KKR, its affiliates or their associated persons under Section 15(b)(4)(C) of the Securities Exchange Act of 1934 or Section 203(e)(4) of the Investment Advisers Act of 1940.

E. None of the conduct alleged in the Complaint arises out of or is attributable to KKR's or its affiliates' conduct or advice in their capacity as a broker, dealer, underwriter, investment adviser, bank, insurance company, commodity pool operator, or fiduciary. The Antitrust Division of the Department of Justice has made no finding or determination regarding KKR's or its affiliates' ineligibility under the Department of Labor Prohibited Transaction Class Exemption 84-14 or under Prohibited Transaction Exemption 2020-02.

F. KKR & Co. Inc.; Kohlberg Kravis Roberts & Co. L.P.; KKR Americas Fund XII L.P.; KKR Americas Fund XII (Kestrel) L.P.; KKR Americas Fund XII (Thrive) L.P.; KKR Apple Aggregator L.P.; KKR Chord IP Aggregator L.P.; KKR Core Holding Company LLC; KKR Core II Holding Company LLC; KKR DCIF Lower Entity III SCSp; KKR Global Impact

Fund SCSp; KKR Global Infrastructure Investors IV USD (Apple) L.P.; KKR North America Fund XIII SCSp; and KKR Obsidian Aggregator L.P. are hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) upon entry of this Final Judgment; provided that Sections IV through IX shall not apply to the affiliates of KKR & Co. GP LLC identified in this Paragraph F following the entry of the Stipulation and Order.

## IV. CIVIL PENALTY FOR ALLEGED VIOLATIONS OF SECTION 7A OF THE CLAYTON ACT

Within 30 calendar days of entry of this Final Judgment, KKR must pay a civil penalty in the amount of $250,000,000 to the United States.

## V. PAYMENT OF THE CIVIL PENALTY

A. Payment of the civil penalty ordered hereby must be made by wire transfer of funds. Prior to making the wire transfer, KKR will contact ATR.CivilJudgment@atr.usdoj.gov for instructions.

B. In the event of a default or delay in payment, interest at the rate of 18 percent per annum will accrue from the date of the default to the date of payment.

## VI. STIPULATION AND ORDER

KKR must take all steps necessary to comply with the provisions of the Stipulation and Order entered by the Court.

## VII. PUBLIC DISCLOSURE

A. No information or documents obtained pursuant to any provision of this Final Judgment may be divulged by the United States to any person other than KKR or an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party, including grand-jury proceedings, or as otherwise required by law or this Final Judgment.

B. In the event of a request by a third party, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, for disclosure of information obtained pursuant to any provision of this Final Judgment, the Antitrust Division will act in accordance with that statute, and the Department of Justice regulations at 28 C.F.R. part 16, including the provision on confidential commercial information, at 28 C.F.R. § 16.7. When submitting information to the Antitrust Division, KKR should designate the confidential commercial information portions of all applicable documents and information under 28 C.F.R. § 16.7. Designations of confidentiality expire 10 years after submission, "unless the submitter requests and provides justification for a longer designation period." *See* 28 C.F.R. § 16.7(b).

## VIII. RETENTION OF JURISDICTION

The Court retains jurisdiction to enable any party to this Final Judgment to apply to the Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX. ENFORCEMENT OF FINAL JUDGMENT

A. The United States retains and reserves all rights to enforce the provisions of this Final Judgment against KKR, including the right to seek an order of contempt from the Court. In a civil contempt action, a motion to show cause, or a similar action brought by the United States relating to an alleged violation of any provisions of this Final Judgment, the United States may establish a violation of this Final Judgment by KKR and the appropriateness of a remedy therefor by a preponderance of the evidence, and any argument that a different standard of proof should apply is waived.

B. This Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws. KKR may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face. In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

C. In an enforcement proceeding in which the Court finds that KKR has violated any provisions of this Final Judgment, the United States may apply to the Court for an extension of this Final Judgment, together with other relief that may be appropriate. In connection with a successful effort by the United States to enforce this Final Judgment against KKR, whether litigated or resolved before litigation, KKR agrees to reimburse the United States for the reasonable fees and expenses of its attorneys, as well as all other reasonable costs including experts' fees, incurred in connection with that effort to enforce this Final Judgment against KKR, including in the investigation of the potential violation.

**X. EXPIRATION OF FINAL JUDGMENT**

This Final Judgment, including all compliance obligations set forth herein, will expire upon payment in full by KKR of the civil penalty required by Section IV of this Final Judgment.

**XI. RESERVATION OF RIGHTS**

This Final Judgment settles, discharges, and releases the claims stated in the Complaint against KKR, which include any and all of the claims of the United States against KKR, its portfolio companies, and its and their respective current and former affiliates, directors, officers, managers, agents, partners, advisors, and employees for failure to comply with Section 7A of the

Clayton Act, 15 U.S.C. § 18a, in connection with submissions pursuant to the HSR Act made, or required to have been made, by any of them prior to the date of the filing of the Complaint. This Final Judgment does not affect other charges or claims the United States may file.

**XII. PUBLIC INTEREST DETERMINATION**

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including by making available to the public copies of this Final Judgment and the Competitive Impact Statement, public comments thereon, and any response to comments by the United States. Based upon the record before the Court, which includes the Competitive Impact Statement and, if applicable, any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Date: ___________________

______________________________
United States District Judge